WALTER M. ELSWICK, Judge.
Claimant, Boyd Adkins, filed his claim in this court seeking ^an award of $7,490.00 for fees alleged to be due him as a commissioner in chancery in certain school land suits formerly pending in the circuit court of Wayne county, West Virginia.
*42 From the record in this case, it appears that the circuit court of Wayne county, West Virginia, in certain school land suits therein pending entered orders of reference to the claimant as a commissioner in chancery on March 15, 1930 and. July 10, 1930 to take accounts in said causes and to report to the court his findings as directed by said orders of reference. It also appears that said claimant filed various reports in said chancery causes with the court as directed. From these reports, it would appear from the numbering of the tracts that a total of 1203 tracts of land were proceeded against in said chancery causes. It also appears from the record that said commissioner in chancery made reports to the court on 749 tracts of land so proceeded against.
Adequate funds were in the hands of the school land commissioner to pay claimant’s claim, as appears from the record, at the time that he filed said reports but no claim was made or order entered by the court allowing him a fee based upon the number of hours of service performed by him. Certain fees were allowed and paid him, however, as hereinafter shown.
Court order, entered July 14, 1931 (stipulation No. 1) provided:
“That where the commissioner of school lands has caused a tract or tracts to be referred to a commissioner in chancery and a report is had as required by law that there shall be taxed as a part of the costs such fees for the commissioner in chancery as are now allowed in other chancery causes.”
Barnes’ code of West Virginia chapter 105, section 7, pertaining to sale of lands for school funds, provided:
“All suits brought and prosecuted under the provisions of this chapter, shall be commenced as provided in chapter one hundred and twenty-four of the code, and proceeded in, heard and determined in the same manner, and in all respects as other suits in chancery are brought, prosecuted and proceeded in, and shall be subject to the same rules of chancery practice *43 as other suits in chancery in the state courts of this state, except as herein otherwise provided. In all cases where an order of publication is issued, there shall be therein set out the number of tracts in which non-residents are interested as owners or claimants, with a general description as to' location and quantity of each.”
Barnes’ code chapter 137, section 5, pertaining to fees allowed to commissioners in chancery (in effect at the time that the orders of reference to claimant were entered) provided:
“For any service, such as the court of which he is commissioner may from time to time prescribe . . . , not exceeding one dollar where less than an hour is employed, and if more than an hour be employed, not exceeding the rate of one dollar for each hour, or in lieu thereof, twenty-five cents per hundred words, as the commissioner may elect. A commissioner returning a report shall annex thereto a certificate, under oath, that he was actually and necessarily employed for a number of hours, to be stated therein, in performing the services for which the fees stated at the foot thereof are charged. Until such certificate is made, no such fees shall be allowed or paid. A commissioner shall not be compelled to make out or return a report until his fees therefor be paid or security given him to pay so much as may be adjudged right by the court to whom the report is to be returned, or if it be a circuit court, by the judge thereof in vacation, unless the court or judge see cause to order it to be made out and returned without such payment or security, and shall so order.”
Chapter 59, article 1, section 8 of the code of 1931 was substantially the same in effect.
Barnes’ code chapter 105, section 13, pertaining to payment of costs in a school land suit, provided:
“The cost of every such suit shall be ascertained and taxed by the clerk as in other chancery cases, and shall be paid out of the proceeds of the sales of *44 said real estate, and not otherwise, to the several persons entitled thereto, if sufficient for the purpose; but if such proceeds are not sufficient to pay the whole of such costs and commissions and the expenses aforesaid of the commissioner of school lands, the same shall be paid therefrom to the several persons entitled thereto pro rata.”
There is not any evidence in the record to indicate the number of hours that claimant was actually and necessarily employed as commissioner in chancery in the discharge of his duties as such under the orders of reference committed to him in these school land suits. The claimant alleges in his petition “That the law under which said causes were referred to the petitioner provided for the payment of a fee of $10.00 for each tract reported by your petitioner to be paid when the tracts were sold by the commissioner of school lands, or redeemed by the owner.”
We do not know of any law to that effect and none is cited in the brief by counsel for claimant. An order was entered by the said court in vacation April 6, 1942 reciting that a fee of ten dollars ($10.00) was allowed claimant for each tract reported on by him, which was redeemed by the taxpayer, said fee of ten dollars ($10.00) being taxed as a part of the costs and paid by the taxpayers, but this order fails to show that the statute had been complied with or that a fee had been fixed or sought by claimant commensurate with hours of service performed prior to the distribution of all funds in the hands of the school land commissioner.
We do find from the record that the following sums of money were paid to the claimant, as commissioner in chancery in these school land suits under methods at variance with the terms of the statute, namely:
(1) An order was entered by the court June 3, 1930, allowing the claimant a fee of two hundred and fifty dollars, ($250.00) as commissioner in chancery “for services in looking up the records and making reports in this cause of the im *45 proper tracts hereinbefore mentioned.” (Audit, commissioner of school lands, Wayne county, October 1, 1931, p. 10, stipulation no. 12).
(2) An order was entered by the court October 13, 1930, allowing the claimant a fee of seven hundred sixty-two dollars and fifty cents ($762.50) as commissioner in chancery “for 305 dismissals and for work done in school land matters.” (Id.).
(3) An order was entered by the court December 18, 1930, allowing the claimant a fee of two hundred and twenty-five dollars, ($225.00) as commissioner in chancery, and Pearly Newman for “working up 380 dismissals and other work done at the request of M. J. Ferguson, commissioner of school lands and J. T. Lambert, attorney for the state.” (Id.).
The foregoing allowances were paid to the claimant out of school land funds, (id. under disbursements p. 44).
(4) It appears from the record (audit 1931, stipulation No. 12, p. 15, and audit 1939, stipulation no. 13, p. 10) that fees aggregating five thousand five hundred and seventy five dollars, ($5.575.00) were assessed and paid to claimant as commissioner in chancery in said causes on redemptions at the rate of ten dollars ($10.00) for each tract of land redeemed regardless of the fact that the redemption orders state that the defendant “appeared generally and waived process and service of process thereof and proceedings at rules and moved the court to file said bill and answer and hear this cause thereon and ascertain without reference to a commissioner the amount to be paid in redemption of said land.”
(5) Fees totaling one thousand four hundred and seventy dollars ($1470.00) were paid to claimant as commissioner in chancery in said causes out of school land funds from July 1931 through December 12, 1936 (audit Wayne county com-hnissioner of school lands, 1939 stipulation no. 13, p.p. 49-58, summary p. 60).
*46 By order entered by said court in said causes August 17, 1938, the court directed payment of three hundred and ten dollars ($310.00) to Boyd Adkins as commissioner in chancery for services rendered prior to the “Act of the extraordinary session, 1933, affecting school land matter.” This sum was ordered paid out of school land funds from 62 tracts of lands redeemed prior to sale reported by the school 1’and commissioner (audit 1939 stipulation no. 13 p.p. 7 and 11) although the school land commissioner had previously been released and discharged from hisi bond by order of the court entered December 31, 1936 (stipulation no. 7). It would appear that said sum of three hundred and ten dollars ($310.00) had been paid to claimant out of school land funds November 16, 1934 after all of his reports as commissioner had been filed (1939 audit, p. 57).
It appears from the said audit of the school land commissioner of January 9, 1939, stipulation no. 13, p. 58 that detailed expenses such as stamps amounting to fifteen dollars ($15.00) had been paid out of the school land funds to claimant.
The school land commissioner made a report showing disbursement of all funds in his hands and was released of his bond by order entered December 31, 1936. Disbursements were made to claimant through December 14, 1934 with adequate funds left to pay claimant’s claim if said court had determined that the fee was proper. (Audit 1939, p. 58). The office of school land commissioner was abolished by acts of 1933.
We find that claimant is not entitled to an award by this court for the following reasons, to wit:
(1) That the record does not show the number of hours that claimant was actually and necessarily employed as commissioner in chancery in said suits or that he complied with Barnes’ code, chapter 137, section 5; code of 1931, chapter 59, *47 article 1, section 8 by filing the required certificate duly verified to enable him to receive the fees paid him or that for which he claims; no such fee was claimed as was provided by statute and none fixed by the court to enable claimant to hold a lien on the lands or proceeds of re-demptions;
(2) That a commissioner acts as an assistant to the trial judge and his pay was determined by the statute in these cases as in other chancery suits and not contingent upon the outcome of the suits; claimant elected to accept the fees paid to him without complying with the law pertaining to the payment of compensation to commissioners in chancery for such services performed and we are not in position to say that he has not been adequately paid for all hours of services performed as such commissioner;
(3) That even though such claimant might have been entitled to share in the portion of the funds which were paid to the state, exclusive of the funds paid over to the county and municipalities, this court would not be in position from the record to make an accounting as to what fees paid to claimant were proper or improper; or, in event that such portion of said sums so paid to the state were insufficient to pay claimant and other claimants of costs, this court would not be in position to direct payment from the proceeds of sales to the several persons entitled thereto pro rata, as was directed to be done by Barnes’ code, chapter 105, section 13; code 1931, chapter 37, article 3, section 25, and not otherwise;
(4) An adequate remedy was afforded the claimant in the courts of the state which was not pursued nor sought by the claimant.
An award is denied.